Filed 07/24/25

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-05411

| William Hansen, Jr. v. Vermont Department of Motor Vehicles (DMV) |
|---|

## ORDER ON RULE 74 APPEAL

In this Rule 74 appeal, appellant William Hansen, Jr., appeals from a decision of an Agency of Transportation Hearings Examiner denying his request to reduce the amount of a purchase-and-use tax charged by the Department of Motor Vehicles (DMV). For the reasons set forth below, the Hearing Examiner's decision is affirmed.

### Background

The facts relevant to this appeal are straightforward. Appellant purchased a 2003 GMC Sierra 1500 pickup truck from a private party for $500 in December 2023. The following August, he went to the Newport DMV to register the vehicle. The DMV assessed appellant a purchase-and-use tax based on its valuation of the vehicle at $3,650, which was the low retail value for the model, make, and year according to the National Automobile Dealers Association (NADA). The DMV agent informed appellant that the DMV assessed taxable cost based on the greater of the purchase price paid or the NADA value.

Appellant disputed the DMV's determination of the vehicle's taxable cost and argued that it should be the $500 that he paid and not the NADA value. Appellant paid $6 to obtain a 60-day registration for the vehicle. Over the next several weeks, appellant communicated with various DMV staff about the issue and was told that he could obtain a dealer appraisal for the vehicle, and that if he did so, DMV would assess taxable value cost as the greater of the appraised value or the $500 purchase price. Appellant was also told he could file an administrative appeal. He chose the latter option.

A hearing was held before an Agency of Transportation Hearings Examiner on October 14, 2024. The Hearing Examiner again offered appellant the opportunity to obtain an appraisal for his vehicle, but appellant declined. The Hearing Examiner's report was issued on November 21, 2024, and concluded that "DMV acted properly when it used the NADA value . . . to calculate the purchase and use tax due at the time of registration." Agency Record (AR) 7. Appellant then filed this appeal.

### Analysis

A person aggrieved by a decision of the DMV Commissioner (or a hearing examiner appointed by the Commissioner) made following a hearing "may have such decision reviewed by

the Superior Court pursuant to Rule 74 of the Vermont Rules of Civil Procedure." 23 V.S.A. § 105(b). An appeal under Section 105(b) is "on the record and not de novo." *See In re Soon Kwon*, 2011 VT 26, ¶ 6, 189 Vt. 598 (judicial review of agency decisions is presumed to be on-the-record absent specific statutory authorization to the contrary (citations omitted)). The court must uphold the agency's decision if it is supported by a reasonable basis. *See id.*

Vermont law imposes a tax upon the purchase and use of most vehicles at the rate of six percent of the vehicle's "taxable cost." 32 V.S.A. § 8903. "Taxable cost" is defined as the "purchase price"—*i.e.*, "the gross consideration . . . paid for the motor vehicle"—or "the taxable cost as determined under section 8907. 32 V.S.A. § 8902(4), (5). Section 8907 provides that:

> The [DMV] Commissioner may investigate the taxable cost of any motor vehicle transferred subject to the provisions of this chapter. If the motor vehicle is not acquired by purchase in Vermont or is received for an amount that does not represent actual value, or if no tax form is filed or it appears to the Commissioner that a tax form contains fraudulent or incorrect information, the Commissioner may, in the Commissioner's discretion, fix the taxable cost of the motor vehicle at the clean trade-in value of vehicles of the same make, type, model, and year of manufacture as designated by the manufacturer, as shown in the NADA Official Used Car Guide (New England Edition) or any comparable publication, less the lease end value of any leased vehicle. The Commissioner may compute and assess the tax due and notify the purchaser immediately by certified mail, and the purchaser shall remit the same within 15 days thereafter.

32 V.S.A. § 8907(a). The Hearing Examiner concluded that this provision authorized DMV to compare the $500 purchase price to the NADA trade-in value of $3,650 and assess appellant based on the higher NADA value. The Hearing Examiner further concluded that the evidence appellant presented at the hearing did "not provide convincing proof that the vehicle purchase price is a more accurate representation of the GMC's actual value." AR 6-7.

On appeal to this court, appellant argues that the Hearing Examiner failed to properly apply the statutory provisions governing "taxable cost," that the Hearing Examiner failed to support her decision with appropriate findings and conclusions, that Section 8907 required the DMV to provide appellant with factual findings by certified mail to support its taxable cost analysis, that appellant's due process and equal protection rights were violated, and that any deference to the DMV's conclusions in this case was improper under the U.S. Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024).

The court is not persuaded by appellant's arguments. The plain and unambiguous language of Section 8907 provides that if a motor vehicle "is received for an amount that does not represent actual value," then the Commissioner may fix the taxable cost at the NADA trade-in value. No deference to DMV is required to reach this conclusion. Accordingly, even if the U.S. Supreme Court's decision in *Loper Bright* governed the deference that a Vermont court must give to a Vermont executive agency—and it does not—appellant's argument would be misplaced because the statute here is not ambiguous. *See, e.g., In re Investigation Pursuant to 30 V.S.A. Sec. 30 & 209*, 2024 VT 58, ¶¶ 9 n.1, 30 n.6. (declining to consider "the impact on our jurisprudence of the U.S. Supreme Court's recent decision [in *Loper Bright*] abrogating *Chevron* deference"

because the Court was not addressing an agency's interpretation of a "silent or ambiguous" statute), *cert. denied sub nom. Allco Renewable Energy Ltd. v. Agency of Nat. Res.*, 145 S. Ct. 1139 (2025).

Nor is the court persuaded by appellant's due process arguments. Appellant received notice of the DMV's decision and an opportunity to be heard by both the Hearing Examiner and this court. *Rich v. Montpelier Supervisory Dist.*, 167 Vt. 415, 420 (1998) ("The essential elements of due process are notice and an opportunity to be heard."). He was repeatedly provided an opportunity—but not required—to obtain an independent appraisal. Because DMV notified petitioner of its position in person, there was no need to separately notify him by certified mail.

Appellant's equal protection argument also fails. Differential treatment of "those who purchase vehicles from private individuals versus licensed dealers" for the purpose of assessing a purchase and use tax is not inherently suspect like a classification based on race. *See* Appellant's Reply Mem. 8. To the extent the DMV engages in such differential treatment, it is reasonable to do so given the greater likelihood that a private party might sell a vehicle at less than its actual retail value.

Finally, the court finds no procedural error in the Hearing Examiner's opinion, which although succinct, clearly set forth its reasoning and analysis.

## Order

For the reasons set forth above, the decision of the Hearing Examiner is AFFIRMED.

Electronically signed on: 7/22/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge